**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1137-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JASON PETTIS,

    Defendant-Appellant.

_____

Submitted October 31, 2017 — Decided November 13, 2017

Before Judges Yannotti and Carroll.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 09-08-1370 and 09-08-1383.

Joseph E. Krakora, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Arielle E. Katz, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jason Pettis appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In October 2011, a jury convicted defendant of second-degree aggravated assault, N.J.S.A. 2C:12-1b(1), as a lesser-included offense of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3a(1) or (2) (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b (count two); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three). In a second trial, the same jury convicted defendant of second-degree possession of a weapon by a prohibited person, N.J.S.A. 2C:39-7b.

On December 22, 2011, defendant was sentenced to an extended term of fifteen years imprisonment on the aggravated assault charge, with an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. The court merged count two with count three, and imposed a concurrent seven-year prison term. A consecutive five-year sentence with no parole eligibility was imposed on the certain persons not to have weapons offense, resulting in an aggregate twenty-year prison term with seventeen years and nine months of parole ineligibility.

Defendant appealed and, in an unpublished opinion, we affirmed his convictions and sentence, but remanded to correct an

error in the judgment of conviction.[1]  State v. Pettis, No. A-3508-11 (App. Div. Dec. 27, 2013).  The Supreme Court denied defendant's petition for certification.  State v. Pettis, 218 N.J. 531 (2014).

The facts underlying defendant's convictions are set forth in our earlier opinion and need not be repeated in the same level of detail here.  Pettis, supra, slip op. at 3-7 (App. Div. Dec. 27, 2013).  Briefly summarizing, the State alleged defendant shot the victim, Jarred Campfield, multiple times at close range.  The two men had allegedly been involved in a physical altercation within the previous week.  On the day in question, Campfield told police "it was Jason" who shot him, and "he was wearing a white t-shirt, blue jeans, and he had dreadlocks."  Soon thereafter, however, Campfield became uncooperative.  At trial, Campfield testified he did not know who shot him, and denied he provided police with the name of the shooter.

Robert VanAnglen, a mutual acquaintance of defendant and Campfield, testified he witnessed the shooting, and identified defendant as the shooter.  VanAnglen stated he heard defendant say "what's up, home boy" to Campfield before shooting him five to

---

[1] We directed that defendant's conviction for unlawful possession of a weapon merge with the aggravated assault conviction rather than the conviction for possession of a weapon for an unlawful purpose.

seven times. The State also presented evidence that defendant left New Jersey after the shooting and was ultimately located in Illinois nearly a year later.

In August 2014, defendant filed a PCR petition alleging ineffective assistance of trial and appellate counsel. PCR counsel was appointed and submitted a brief contending trial counsel failed to: (1) conduct an adequate investigation, specifically by failing to locate and interview Campfield prior to trial; (2) effectively cross-examine witnesses; (3) effectively counter testimony that defendant left the State while on probation; and (4) present effective opening and closing statements. Defendant also requested an evidentiary hearing on his petition.

Judge Joseph Paone, who was also the trial judge, denied defendant's petition by order filed on October 13, 2016. Judge Paone determined defendant failed to establish a prima facie case in support of his petition after carefully analyzing each of defendant's contentions.

In his comprehensive oral opinion, Judge Paone found that trial counsel's pre-trial investigation and failure to interview Campfield did not fall below an objective standard of reasonableness. The judge added:

> [I]t's clear here that [defendant] is unable
> to articulate what benefit the interview of
> [Campfield] would have accomplished here.

> [Defendant] knew exactly what the victim was going to testify to prior to trial, and, in fact, the victim testified, essentially, in conformance with the information that had been provided by the [S]tate to the defense before the commencement of trial, and [defendant] has failed to demonstrate how this decision not to interview the victim has prejudiced him in any way.

The judge further reasoned that Campfield's reluctance to testify for the prosecution was irrelevant to the State's pre-trial plea offer and would not affect the jury's determinations because Campfield's on-the-scene identification of defendant as the shooter was admissible as an excited utterance, N.J.R.E. 803(c)(2), and as a prior identification, N.J.R.E. 803(a)(3);[2] and because an independent eyewitness, VanAnglen, made a confirmatory identification of defendant as the shooter.

With respect to defendant's other ineffective assistance of counsel claims, Judge Paone found trial counsel's opening and closing remarks sufficient. In his opening statement, counsel "introduced the issue of identification[,] discussed the prosecutor's role [and] urged the jury to pay [ ] careful attention

---

[2] The judge also found Campfield's prior identification of defendant was non-testimonial under Crawford v. Washington, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 1365-66, 158 L. Ed. 2d 177, 194 (2004) (holding that the Confrontation Clause only forbids the hearsay use of "testimonial" out-of-court declarants). See also Davis v. Washington, 547 U.S. 813, 832, 126 S. Ct. 2266, 2279, 165 L. Ed. 2d 224, 243 (2006) (creating an exception for otherwise testimonial statements under the "public safety exception").

to the evidence[.]" Similarly, during closing remarks, trial counsel discussed "the inconsistencies of the case, the witness' credibility, [and] the fact [] defendant was not the shooter[.]" The judge also found defendant was not prejudiced by counsel's opening and closing statements.

Judge Paone rejected defendant's contention that trial counsel failed to effectively cross-examine the State's witnesses. He found that, while cross-examining Campfield, defense counsel "established identification issues, specifically, that Campfield had lied at some point about identifying defendant as the shooter[.]" Similarly, while cross-examining VanAnglen, defense counsel "highlighted the integral issue of identification in this case by eliciting the [eyewitness's] description of the shooter did not match [ ] Campfield's description based on what [counsel] elicited through his adversarial testing of the prosecution's witness."

Judge Paone found unpersuasive defendant's argument that trial counsel was ineffective in exploring why defendant violated his probationary program and fled to Illinois after the shooting. Rather, to combat the State's theory that this showed consciousness of guilt, defense counsel offered "an alternative motive for defendant's flight, that his mother and family lived in Illinois[.]"

Judge Paone concluded defendant did not establish a prima facie showing of ineffective assistance of counsel and therefore no evidentiary hearing was required. This appeal followed, in which defendant presents a single point for our consideration:

> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the following two-prong test: (1) counsel's performance was deficient and he or she made errors so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

Here, defendant focuses his appeal on his contention that trial counsel was ineffective for failing to conduct an adequate pretrial investigation with respect to the victim, Campfield. Defendant asserts, without any record support, that Campfield could have potentially provided testimony that would have exonerated him. Defendant further argues that an evidentiary hearing should have been ordered so that trial counsel could have been questioned about his alleged improper investigation.

When a defendant asserts his attorney has inadequately investigated his matter, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Porter, 216 N.J. 343, 353 (2013) (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999)). Thus, a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, supra, 321 N.J. Super. at 170.

Here, defendant fails to meet this standard. He proffers no competent evidence of what counsel would have discovered had he interviewed Campfield, or how Campfield's testimony or the result at trial would have differed had counsel interviewed him. In short, defendant's claim that trial counsel conducted an

inadequate investigation is merely a bald assertion devoid of any substance.

The record also supports Judge Paone's findings on defendant's other claims. Accordingly, we are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel under the Strickland-Fritz test. The judge correctly concluded an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992). Moreover, in view of the evidence presented, it appears defense counsel was quite effective in securing a jury verdict of aggravated assault as a lesser-included offense of the charged crime of attempted murder.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1137-16T3